# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CORPORATE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| | ) | |
| BRIAN HARNETT, and ONX USA LLC, | ) | |
| d/b/a ONX ENTERPRISE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, OnX USA LLC ("OnX") and Brian Harnett (hereinafter collectively, the "Defendants"), by and through their attorneys, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to remove the above-entitled action to this Court based upon the following supporting grounds.  Defendants, appearing solely for the purpose of this removal proceeding and for no other purpose, and preserving all other defenses available or potentially available to each, hereby state as follows:

1.      On or about December 19, 2012, an action (the "Complaint") was commenced in the Superior Court for the Commonwealth of Massachusetts, Middlesex County, captioned Corporate Technologies, Inc. v. Brian Harnett and OnX USA LLC, d/b/a/ OnX Enterprise Solutions, Civ. No. 12-4910.

2.      The Complaint was accompanied by a series of supporting papers which were subsequently served upon the Defendants.  (Copies of the Complaint, together with all other

process, pleadings, motions, applications and orders received by the Defendants, are annexed hereto as **Exhibits A and B**, respectively.)

3.      Removal of this action to this Court is timely pursuant to 28 U.S.C. §1446(b) insofar as fewer than thirty (30) days have elapsed since the service and/or receipt by the Defendants of the Complaint.

4.      Removal of this action to this Court is permissive pursuant to the provisions of 28 U.S.C. § 1441 because this Court has diversity jurisdiction over the subject matter of all claims, inasmuch as (1) the suit is between citizens of different States; and (2) upon information and belief, the amount in controversy is more than $75,000, exclusive of costs and interest.

5.      Complete diversity of the parties existed at the time that this action was commenced by Plaintiff in the aforementioned Superior Court.

6.      Upon information and belief, Plaintiff is and was at the time of the commencement of this action a citizen of the Commonwealth of Massachusetts insofar as it is incorporated in, and has its principal place of business located in, the Commonwealth of Massachusetts.

7.      The Complaint does not allege that any Defendant is a citizen of the Commonwealth of Massachusetts.

8.      Brian Harnett is and was at the time of the commencement of this action a citizen of the State of New Hampshire.

9.      OnX is organized in the State of Delaware and has its principal place of business located in the State of Ohio.  None of its members is a citizen of Massachusetts.

10.     In the Complaint, the Plaintiff seeks money damages to be proven at trial for alleged injuries in connection with Counts I-IV, as well as "treble damages, but in no event less

than double damages," for alleged injuries in connection with Count V pursuant to G.L. c. 93A §11.  **Exhibit A** at ¶ 73.  The Plaintiff also seeks to recover attorney's fees pursuant to a statute providing for the award of such fees.  Id.

11.     Upon information and belief, therefore, the amount in controversy is $75,000 or more, exclusive of costs and interest.

12.     Accordingly, this Court has jurisdiction over this action based upon 28 U.S.C. §1332 and 1441.

13.     Moreover, this United States District Court for the District of Massachusetts is a proper venue inasmuch as the action being removed was filed in the Middlesex County Superior Court in the Commonwealth of Massachusetts.

14.     In accordance with 28 U.S.C. §1446(d) written notice of the filing of this Notice of Removal will be given to the Plaintiff and filed with the Clerk of the aforementioned Superior Court.

15.     Pursuant to Local Rules 5.4(F) and 81.1 of the Local Rules for the District of Massachusetts, the Defendants will furnish within twenty-eight (28) days of the filing of this Notice of Removal, a certified or attested copy of all docket entries, and proceedings in the Superior Court together with a disk containing the record before the Superior Court in PDF format.

WHEREFORE, the Defendants respectfully request that this Notice of Removal be deemed good and sufficient; and that that the action now pending in the Superior Court, Middlesex County be removed to the United States District Court for the District of Massachusetts for trial and determination as provided by law; and that the District Court proceed

with this action as if it had been originally commenced in the United States District Court for the

District of Massachusetts.

Date:   December 21, 2012.                          Respectfully Submitted,

                                                    BRIAN HARNETT and ONX USA LLC,

                                                    By their attorneys,


                                                    /s/ Mark Finsterwald
                                                    Michele A. Whitham (BBO #553705)
                                                    mwhitham@foleyhoag.com
                                                    Christopher Hart (BBO #652031)
                                                    chart@foleyhoag.com
                                                    Mark Finsterwald (BBO #669218)
                                                    mfinsterwald@foleyhoag.com
                                                    Foley Hoag LLP
                                                    Seaport World Trade Center West
                                                    155 Seaport Boulevard
                                                    Boston, MA 02210
                                                    (617) 832-1000

## LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2012 a true and correct copy of the foregoing

Notice of Removal was served via hand delivery upon the following attorney of record for

Plaintiff:

> Kevin J. O'Connor
> HINCKLEY, ALLEN & SNYDER, LLP
> 28 State Street
> Boston, MA 02109

> /s/ Mark Finsterwald_____
> Mark Finsterwald, Esquire